
CO Hab Corp
AO 241 spd.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

APR - 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Gregory L. Long
NAME (Under which you were convicted)

16222-064
PRISON NUMBER

Fort Worth-FCI
PLACE OF CONFINEMENT/ADDRESS
P.O. B. 15330

FT. Worth, TX. 76119

**GREGORY L. LONG,**
(Full Name)                    Petitioner    )
                                             )
                                             )
                                             )
              v.                             )
**MICHAEL MUKASEY,**                         )
**HARLEY G. LAPPIN, DIR., (FBOP)**           )
                                             )
(Name of Warden, Superintendent, Jailor, or )
authorized person having custody of petitioner) )
                              Respondent     )

Case: 1:08-cv-00604
Assigned To : Huvelle, Ellen S.
Assign. Date : 4/3/2008
Description: Habeas Corpus/2255

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN CUSTODY IN THE DISTRICT OF COLUMBIA

### INSTRUCTIONS - PLEASE READ CAREFULLY

1. This petition must be legibly handwritten or typed, and signed by the petitioner. Any false statement of material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

3. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

4. Upon receipt, your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee. Your check or money order should be made payable to: Clerk, U.S. District Court.

1

Page 7

(b) And give date and length of sentence to be served in future: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

☐ Yes

☐ No

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Gregory Jones_
Petitioner's Signature

_March 20th 2008_
Date

UNITED STATES DISTRICT COURT
FOR THE
JUDICIAL DISTRICT OF COLUMBIA

**GREGORY LAMONT LONG,**

    Petitioner/Plaintiff,

vs.

MICHAEL MUKASEY, ATTORNEY
GENERAL FOR THE "UNITED
STATES OF AMERICA,"

and

HARLEY G. LAPPIN, DIRECTOR
OF THE BUREAU OF PRISONS,

    Respondent(s)/Defendant(s).

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

RE: No. CR-06-00121-001-HE

No. _____

PETITION FOR
COMMON LAW WRIT OF
HABEAS CORPUS
BY A PERSON IN
FEDERAL CUSTODY

## CONVICTION UNDER REVIEW

1. Name and location of the court which entered the judgment of conviction under review: _____

   United States District Court of Western Oklahoma

2. Date of judgment of conviction was entered: November 29, 2006

3. Case Number: See above

4. Length of imposed sentence: 200 months

5. Are you presently serving a sentence imposed for a conviction other than the offense involved under review?   [ ] YES   kk No

6. Nature of the offense involved: _____

   21 U.S.C. §841(a)(1)

8. If you entered a plea of guilty to one count of the indictment and a not guilty to another count in the indictment, give details.

   N/A _____

   **08 0604**

9. If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement: See, "Plea Agreement"

   **FILED**

10. Kind of trial:   [ ] Jury   [ ]Non-Jury   [x] N/A

APR - 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

11. Did you testify?  [ ] Yes  [ ] No  [X] N/A

## DIRECT APPEAL

12. Did you appeal from the judgment of conviction?  [X] Yes  [ ] No

13. If you did appeal give the name and location of the Court: _____

_____

14. If you did not appeal, explain briefly why you did not appeal: _____

____See Case File_____

## POST-CONVICTION PROCEEDINGS

15. Other than a direct appeal from judgment of conviction and sentence, have you previously filed any petition, application, or motion with respect to this judgment in any federal court? [ ] Yes  [X] No

16. If your answer to 15 was "Yes," give the following information:

## CLAIMS

17. State concisely every claim that you are being held unlawfully for. Summarize the facts supporting the claims. If necessary you may attach extra pages stating additional claims and supporting your facts. You should raise in the application all claims for relief which relate to the conviction under review. In order to proceed in federal court, you ordinarily must exhaust administrative remedies available to you as to each claim on which you request action by the federal court.

CLAIM ONE:
INEFFECTIVE ASSISTANCE OF COUNSEL:

1. Supporting facts:
Counsel failed ab initio to raise or challenge any of the issues presented herein.

2. Did you seek administrative relief as to claim one?  [ ] Yes  [X] No

CLAIM TWO:
LACK OF FEDERAL LEGISLATIVE JURISDICTION OVER THE LOCUS IN QUO

1. Supporting facts:
See, attached Memorandum of Law with Incorporated Points and Authorities.

2. Did you seek administrative relief as to claim two?  [ ] Yes [X] No

/////

///// - 2  PETITION FOR COMMON LAW WRIT OF HABEAS CORPUS

CLAIM THREE:
LACK OF FEDERAL SUBJECT MATTER JURISDICTION OVER THE ALLEGED PROHIBITIVE CON-
DUCT AND WANT OF COMMERCE NEXUS.

1. Supporting facts:
See, attached Memorandum of Law with Incorporated Points and Authorities.

2. Did you seek administrative relief as to claim three?  [ ] Yes  [X] No

CLAIM FOUR:
MIS-APPLICATION OF FEDERAL LAW, WHERE SUCH IS UNENACTED UNPROMULGATED AND
IMPLEMENTED

1. Supporting facts:
See, attached Memorandum of Law with Incorporated Points and Authorities.

2. Did you seek administrative relief as to claim four?  [ ] Yes  [X] No

18. Do you have any petition, application, motion, or appeal now pending in any
court; either state of federal, regarding the conviction under review?
[ ] Yes  [X] No

19. State briefly why you believe that the remedy provided by  28  U.S.C.  §2255
motion to vacate sentence is inadequate or ineffective to test the legality
of your detention.

: The Legislative-Territorial Court wherein the issue now complained arose,
lacks the Constitutional authority to entertain and to adjudicate the issue
herein thus a §2255 motion is inadequate and inappropriate.


WHEREFORE, Petitioner, prays that the court GRANT him such relief to which he
may be entitled in this proceeding.


Date: *March 20th*          , 2008.

                                        Respectfully  Submitted:

                                        *Gregory Long.*


/////

UNITED STATES DISTRICT COURT
FOR THE
JUDICIAL DISTRICT OF COLUMBIA

GREGORY LAMONT LONG,                    §
                                        §
        Petitioner/Plaintiff,           §                      No. _____
                                        §
vs.                                     §
                                        §              RE: No. CR-06-00121-001-HE
MICHAEL MUKASEY, ATTORNEY               §
GENERAL FOR THE "UNITED                 §              APPLICATION FOR
STATES OF AMERICA,"                     §          WRIT OF HABEAS CORPUS
                                        §
and                                     §          BROUGHT IN THE NATURE OF
                                        §            COMMON LAW WRIT OF
HARLEY G. LAPPIN, DIRECTOR              §                 HABEAS CORPUS
OF THE BUREAU OF PRISONS,               §
                                        §
        Respondent(s)/Defendant(s).     §
_____    §
                                        §

COMES NOW, Gregory L. Long, Petitioner, in want of counsel, in the above styled action, (hereinafter "Petitioner"), and as for a **Verified Petition For Writ Of Habeas Corpus**, shows the Court as follows:

1.

That the relief sought herein is provided under the Law of Habeas Corpus, in Common Law, the Constitution and Statutes of the United States of America, and the Federal Civil Court Rules of Procedures, (see, attached Memorandum of Law with Incorporated Points and Authorities).

2.

That the Petitioner is presently imprisoned and restrained of his liberty in violation of the rights thereof as set forth and guaranteed in the Constitution of the United States and Federal Laws made in conformance therewith.
/////

**08 0604**

**FILED**

APR - 3 2008

3.

That, Petitioner, herein is incarcerated in a Federal Correction Institution, in violation of the Constitutional rights of the Petitioner herein as set forth without restriction, in Article V, VI, VIII, and XIV, in Amendment of the Constitution of the United States, as amended AD 1791.

4.

That the said incarceration of Petitioner herein, was ordered by a United States District Court Judge, a copy of the Order of Charging Document/Indictment and Order of Judgment and Sentence in such case is attached herein, to establish that the Respondents' named in the caption area, is [are] the proper party[ies] to the instant case.

5.

That this Court has personal jurisdiction over the Respondents' named in the caption area above in the nature of 28 U.S.C. Sec. 88; 49 Stat. 1921,, June 25, 1936, and the 80th Congressional House Report No. 308, it is shown that the District of the United States for the District of Columbia, is a Constitutional Court, rather than a legislative-territorial court, and therefore is duly empowered under the Constitution to the United States of America, as amended anno Domini 1791, and by way of an Act of Congress, to entertain the instant cause at bar, whereby the Petitioner invokes this Court's original jurisdiction.

6.

That defense counsel rendered ineffective assistance where counsel failed ab initio to raise or challenge any of the issues raised herein.

7.

That the government in want of Legislative-Territorial or Admiralty Jurisdiction over the locus in quo.

8.

That the government in want of Federal Subject Matter Jurisdiction by failing to charge or prove that the alleged prohibitive act transcended the borders of the sovereign state in violation of the Federal Interstate Commerce Clause.

9.

That there is no amendment to the Federal Constitution ratified by three-forths of the sovereign state to provide for nationwide jurisdiction and application of the Federal Statutory Provision under which the Petitioner is charged.

10.

That the Federal Statutory Provision under which the Petitioner is charged are unenacted by Congress, have not been promulgated in the Federal Register or possessed implementing authority in the Code of Federal Register, thus do not apply over private citizens.

11.

That to construe or to convert the instant non-authority **Common Law Writ of Habeas Corpus** into a statutory pleading will be taken as denial of the pleading as submitted, thus, the sustainment of the unlawful incarceration of the Petitioner herein, causing injury and in the nature of **42 U.S.C. §1331, 1983, 1985, and 1986.**

12.

That the court is presumed to possess superior knowledge of law, thus the court could be deemed to know from the facts and the law presented and the proceeding before the court record, that the Petitioner herein is in violation of his **Constitutional Rights** where the Court is compelled to provide a **REMEDY-IN-LAW for relief from such unlawful custody.**

**WHEREFORE,** in the nature of §2241 and §2243 of Title 28 of the United States Code (June 25, 1948 c.646, 62 Stat. 965), the Petitioner herein requests the court to prepare and issue an **ORDER** directing the Respondents' to **SHOW CAUSE WITHIN #** DAYS, FROM THE DATE OF SERVICE WHY THE INSTANT **COMMON LAW WRIT OF HABEAS CORPUS,** SHOULD NOT BE GRANTED, where all issues presented are only questions of law. The Respondents' will not be under burden to produce records, evidence, witnesses, or prepare for a hearing, and no additional time would be required. In the nature of the principle pronounced in 1 Stat. 122, May 26, 1970, Sec. 2 March 27, 1904, Stat. 298, Sec. 2 Petitioner executes the foregoing.

Date: *March 20th* , 2008.

Respectfully submitted:

*Gregory Jones*

UNITED STATES DISTRICT COURT
FOR THE
JUDICIAL DISTRICT OF COLUMBIA

GREGORY L   LONG,                    §          No. _____

  Petitioner/Plaintiff,       §          RE: No CR-06-00121-001-HE

vs.                                  §

MICHAEL MUKASEY, ARRORNEY            §          MEMORANDUM OF LAW WITH
GENERAL FOR THE "UNITED              §          INCORPORATED POINTS
STATES OF AMERICA," et. al.,         §          AND
                                     §          AUTHORITIES
  Respondent(s)/Defendant(s).  §          IN SUPPORT OF COMMON LAW
                                     §          WRIT OF HABEAS CORPUS

---

**NOW COMES**, Gregory L. Long, in want of counsel, accused in the above referenced cause, and as for the Petitioner for the **Common Law Writ of Habeas Corpus**, shows this Honorable Court as follows:

1.

That relief herein, is provided for under Common Law, the Constitution of the United States of America, as amended AD 1791, Article I, §9 cl.2, and in the nature of Title 28 U.S.C. §2241, of the United States Code.

2.

That the Honorable Court has personal jurisdiction over the respondents' named in the caption area, supra., in the nature of D.C. Code §13-422, and 28 U.S.C. §1331, 1332, and 28 U.S.C. §2241, where both respondents have their principle place of business within the District of Columbia

08 0604

///////////

///// - 1   MEMORANDUM OF LAW W/ INCORP. POINTS & AUTHOR.

**FILED**

APR - 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3.

That in the nature of **Adam v. United States**, DK. No. 97-2263 (2nd. Cir. 1998); and **Benito Martinez**, Dk. No.                    (D.C. Columbia 2007), thecourt is compelled to entertain the instant pleading as sub- mitted and to not attempt to construe or concert the pleading into any other statutory provision.  See, **United States v. Margan**, 346 U.S. 502, 505 (1954).

4.

That the Petitioner sets forth the following with Incorporated Points and Authorities:

(a)  The jurisdiction of Federal Courts is defined in the Con- stitution at Article III for judicial courts, in Article I for Legislative courts, and in Article IV for territorial courts.  Some courts created by Acts of Congress have been referred to as "Consti- tutional Courts," where others are regarded as "Legislative Tribunals" 28 U.S.C. §88 District Court of Columbia, Act of June 7, 1934, 48 Stat. 926, and Act of June 25, 1936, 49 Stat. 1921, provided that the Court of Appeals of the District of Columbia, the Supreme Court, and District Court of the United States for the District of Columbia, are shown to be Constitutional Courts created under Article III of the Constitution. See, **O'Donoghue v. United States**, 289 U.S. 516 (1933), 77 L.Ed. 1356, 53 S.Ct. 74, **Mookin vs. United States**, 303 U.S. 201 at 205 (1938), 82 L.Ed 748, 58 S.Ct. 543.  **The Federal Trade Commission vs. Klesner**, 274 U.S. 145 (1927) and **Claiborne-Annapollis Ferry Co. vs. United States**, 285 U.S. 382 (1932).

(b)  That, defense counsel failed ab initio to raise or challenge any of the issues presented herein.

(c)  That the Petitioner is in custody for an act not done or com- mitted in pursuance of an Act of Cngress or an order, process, judgment or decree of a court or judge of the United States.  And he is in custody in violation of the Constitution and the laws or treaties of the United States (28 U.S.C. §2241(c)(2)(3)).

(d)  That the federal statutory provisions under which the Petition- er is charged, have not been promulgated in either the Federal Register or the Federal Regualtions, thus the legitimate application of such statutory provisions are restricted to application over federal government.

///// - 2

(e) That the government has failed ab initio to establish federal subject amtter jurisdiction, where it has failed to charge the sine qua non, an alleged violation of the Federal Interstate Commerce Statute, as a prerequisite to the subsequent charged offense.

5.

That, the Petitioner now shows this Honorable Court that the Federal Government lacked legislative, territorial, or admiralty jurisdiction over the locus in quo, and also lacked the Constitutional or Congressional authority to reach prohibitive acts alleged to be criminal in nature, which were committed well within the borders of the sovereign state.

## INEFFECTIVE ASSISTANCE OF COUNSEL

That, defense counsel failed ab initio to raise or challenge the government s lack of Federal Legislative-Territorial or Admiralty Jurisdiction over the locus in quo. The Petitioner argues that there is no presumption in favor of jurisdiction, where the basis for jurisdiction must be affirmatively shown on the face of the record. See, Hartford v. Davies, 16 S.Ct. 1051 (1896). The exclusive legislative jurisdiction of the federal governemnt is not addressed in principle to subject matter, but to geographical location. See, United States v. Beavens, 16 U.S. (3 Wheat) 336 (1818). It is axiomatic that the prosecution must always prove (legislative, territorial or admiralty) jurisdiction over the geographical location where the alleged prohibitive acts were purported to have been committed, otherwise a conviction could not be sustained. See, United States v. Benson, 495 F.2d 481 (1946). Federal criminal jurisdiction is never presumed, and must always be proven, and can never be waived. See, United States v. Rogers, 23 F. 658 (DC Ark. 1885). In a criminal prosecution where the federal government is a moving party it must not only establish ownership of the property upon which the crimes allegedly occurred but they must also produce documentation that the state has ceded the jurisdiction to that property to them (view of the Supreme Court) in Fort Leavenworth Railroad v. Iowa, 114 U.S. 525 (1885). No jurisdiction exists in the United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands have been published

///// - 3

and filed on behalf of the United States as provided and filed in 40 U.S.C. §255, and the fact that the state authorized the federal government to take and exercise jurisdiction was immaterial. See, **Adams v. United States**, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed.1421 (1943).

7.

The distinction that jurisdiction is more than a technical concept and is a Constitutional requirement. See, **United States v. Johnson**, 337 F.2d 180 (afrmd.) 86 S.Ct. 749, 383 U.S. 169, 15 L.Ed. 681 (cert. denied) 87 S.Ct. 44, 134 and at 385 U.S. 846, 17 L.Ed.2d 117. In the United States, there are two separate and distinct kinds of jurisdiction: the jurisdiction of the sstates within their own territorial boundaries, and then Federal jurisdiction. Broadly speaking, the state jurisdiction encompasses the legislative power to regulate control and govern real and personal property, individuals, and enterprises within the territorial boundaries of any given state. In contrast, Federal jurisdiction is extremely limited: in July of 1776, after declaring their independence, the New States possessed all their sovereignty, power, and jurisdiction over all soil and people in their respective territorial limits. This condition of supreme sovereignty of each state over all property and persons within the borders thereof continued notwithstanding the adoption of the Article of Confederation. In Article II, it is expressly stated:

> "Each state retains its sovereignty freedom and independence, and every power, of jurisdiction and right which is not by this Confederation, expressly delegated to the United States, In Congress assemble."

8.

As the history of the Confederation Government has shown each state was indeed sovereign and independent to the degree that it made the Central Government created by the confederation fairly ineffectual. These defects of the Confederation Government strained the relation between and among the states and the remedy became calling a Constitutional Convention, the representatives which assembled at Philadelphia in May of 1787 to attend the Constitutional Convention met for the primary purpose of improving the commercial relations among the states, although

///// - 4

diction of the **Article of Confederation.** The essence of this retention

of each state's jurisdiction is embodied in the Constitution at **Article**

**I Section 8 clause 17 of the Constitution of the United States of Ameria,**

which reads as follows:

> "To exercise exclusive legislation in all cases whatsoever over
> such districts (not exceeding Ten Miles Square) as may be cession
> of particular states, and acceptance of Congress becomes the seat
> of the government of the United States, and to exercise like auth-
> ority over places purchased by the consent of the legislature
> of the states in which the same shall be for the erection of forts,
> magazines, arsenals, dock-yards and other needful buildings."

9.

The reason for the inclusion of this clause in the Constitution

was and is obvious. Under the **Article of Confederation,** the states

retain full and complete jurisdiction over the lands and persons within

their borders. Since the time of the ratification and implementation

of the present Constitution of the United States, the United States

Supreme Court and all lower courts have had many opportunities to con-

strue and apply these provisions of the Constitution. The essence of

all these decisions is that the states of this Nation have exclusive

jurisdiction of property and persons located within their borders,

excluding such land and persons residing thereon which have been ceded

to the United States. Perhaps one of the earliest decisions on this

point was in the **United States v. Beavens,** 16 U.S. Wheat 336 (1818).

This case involved a federal prosecution for murder committed onboard

the warship, Independence, anchored in the harbor of Boston, Massach-

usettes, the defense argued that only the state had jurisdiction to

prosecute and argued that the federal circuit courts had no jurisdiction

of this crime supposedly committed within the Federal Admiralty juris-

diction. In the argument before the Supreme Court, counsel for the

United States admitted as follows:

> " The exclusive jurisdiction which the United States have in
> forts, dock-yards, ceded to them is derived from express
> assent of the states by whom the cessions are made. It could
> be derived in no other manner; because without it, the author-
> ity of the states would be supreme and exclusive therein."
> 3 Wheat at 350, 351

In holding that the state of Massachusettes had no jurisdiction over the crime the court held:

> "What then is the extent of jurisdiction which a state possess?"
> "We answer, without hesitation the jurisdiction of a state is co-extensive with it's territory, co-extensive with it's legislative power." 3 Wheat at 386, 387
> "It is observable that the power of exclusive legislation (which is jurisdiction) is united with cession of territory, which is to be the free act of states. It is difficult to compare the two sections together, without feeling a conviction not to be strengthened by any commentary on them, that in describing the judicial power, the framers of our Constitution had not in view any cession of territory or, which is essentially the same of general jurisdiction." 3 Wheat at 388.

11.

Thus in Beavens, the court established a principle that Federal jurisdiction extends only over the areas wherein it possesses the power of exclusive legislation, and this is a principle incorporated into all subsequent decisions regarding the extent of Federal jurisdiction. To hold otherwise would destroy the purpose, intent and meaning of the entire Constitution of the United States. One year later the Supreme Court of New York was presented with the same issue, of whether the state of New York had jurisdiction over a murder committed at Fort Niagara, a Federal Fort. In People vs. Godfrey, 17 Johns 225 N.Y. (1819), that court held that the fort was subject to the jurisdiction of the state since the lands therefore had not been ceded to the United States, the rationale of it's opinion stated:

> "To oust this state of its jurisdiction to support and maintain its laws and to punish crimes, it must be shown that an offense committed within the acknowledged limits of the state, is clearly and exclusively cognizable by the laws and courts of the United States. In the case already cited Chief Jstice Marshall observed that to bring the offense within the jurisdiction of the courts of the union, it must have been committed out of the jurisdiction of any state." It is not (he says) the offense committed but the place in which it is committed, which must be out of the jurisdiction of the state.
> 17 Johns, at 233 (emphasis added)

12.

The case relied upon by this court was the **United States v. Beavens,**
supra.  At about the same time that the New York Supreme Court render-
ed it's opinion in **Godfrey,** a similar situation was beforea Federal
Court, the only difference being that murder was committed in and oc-
curred on lands which had been ceded to the United States.  In the
**United States vs. Cornell,** 2 Manson 60, 1 Cir. (1819), the court
held that the  case fell within Federal jurisdiction, describing such
jurisdiction as follows:

> "But although the United States may well purchase and hold lands
> for public purpose within the territorial limits of a state, this
> does not of itself oust the jurisdiction or sovereignty of such
> state over lands purchased.  It remains until the state has relin-
> guished its authority over the lands either expressly or by
> necessary implications.  When therefore a purchase of land for any
> of these purposes is made by the National Government and the state
> legislature has given its consent to the purpose, the lands so
> purchased by the legislation of Congress and the state jurisdiction
> is completely ousted."  2 Manson at 63

13.

Almost 18 years later, U.S. Supreme Court again was presented a
case involving the distinction between state and federal jurisdiction.
In **New Orleans v. United States,** 35 U.S. (10 Pet.) 662 (1836).  The
United States claimed title to property in New Orleans likewise claim-
ed by the city.  After holding that, title to the subject lands was
owned by the city, the court addressed the question of federal juris-
diction and stated:

> "Special provisions is made in the Constitution for the cession
> of jurisdiction from the state over places where the Federal
> Government shall establish forts, or other military works.  And
> it is only in these places or in the territories of the United
> States where it can exercise a general jurisdiction."
> 10 Pet. at 737.

14.

In **New York v. Miln,** 36 U.S. (11 Pet.) 102 (1837), in the question
before the court involved the attempt by the city of New York to asses
penalties against the master of a ship for failure to make a report

///// - 7

as to the persons his ship brought to New York.  As against the master's
contention that the act was unconstitutional and that New York had no
jurisdiction in the matter, the court held:

> "If we look at the places of its operation, we find it to be within
> the territory, and therefore, within the jurisdiction of New York.
> If we look at the person on whom it operates he is found within
> the same territorial jurisdiction."  36 U.S. at 135.

> "They are these:  That a state has the same undeniable and unlimited
> jurisdiction over all persons and things within its territorial
> limits, as any foreign nation, where that jurisdiction is not sur-
> rendered or restrained by the Constitution of the United States.
> That by virtue of this it is not only the right, but the burden
> and solemn duty of a state, to advance the safety, happiness and
> prosperity of its people and to provide for its general welfare by
> any and every act of legislation which it may deem to be conductive
> to these ends; where the power over the particular subject, or the
> manner just stated.  That all those powers which relate to merely
> municipal legislation, or what may perhaps more properly be call-
> ed internal policy are not thus surrendered or restrained and that
> consequently in relation to these the authority of a state is
> completely unqualified and exclusive."  36 U.S. at 139.

15.

Some eight years later, in Pollar v. Hagan, 44 U.S. (3 How.) 212
(1845), the question of Federal jurisdiction was once again before the
court.  This case involved a contest of the title of a real property,
with one of the parties claiming a right to the disputed property via
U.S. patent; the lands in question were situated in Mobile, Alabama
adjacent to Mobile Bay, the court held:

> "We think a proper examination of this subject will show that the
> United States never held any Municipal sovereignty, jurisdiction
> or right of soil in and to territory of which Alabama or any of
> the new states were formed."  44 U.S. at 221.
> "Because the United States have no Constitutional capacity to
> exercise Municipal jurisdiction, sovereignty or eminent domain
> the limits of a state or elsewhere, except in case which it is
> expressly granted."  44 U.S. 228, 229
> "Alabama is therefore entitled to the sovereignty and jurisdiction
> over all the territory within her limits, subject to the Common
> Law."  44 U.S. at 228, 229.

16.

The single most important case regarding the subject of federal jurisdiction appears to be **Fort Leavenworth R. Co. v. Iowa**, 114 U.S. 525 (1885) 995, which set forth the law on this point of federal jurisdiction, fully.  There the railroad company's property, which passes through, Fort Leavenworth federal enclave was being subject to taxation by Kansas, and the company claimed an exemption from the state taxation. In holding that the company is properly taxed, the court carefully explained federal jurisdiction within the states:

> "The consent of the state to the purchase of lands within them for
> the special purpose named is however, essential, under the Con
> stitution to the transfer of the jurisdiction and dominion.  Where
> lands are acquired without such consent, the possession of the
> United States, political jurisdiction is ceded to them in some other
> way is simply that of an ordinary proprietor.  The property in that
> case, unless used as a means to carry out the purpose of government
> is subject to the legislative authority and control of the states
> equally with the property of private individuals."  114 U.S. at 531

17.

The Constitution for the United States created a government, which has jurisdiction over certain enumerated subject matter.  It is only in these areas that Congress can enact laws, and when they do, the Federal Courts are to enforce the law.  But then laws do not come from a enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

18.

The Federal Constitution prescribes what the "jurisdiction" of the Federal Government is by the enumerated powers.  That government can regulate foreign and interstate commerce, fix the standards of weights and measurements, establish uniform laws on bankruptcies, coin money and provide for the punishment of counterfeiting of coins and securities of the United States, protect the arts and sciences by copyrights and patents, punish for piracies and felonies committed on the high seas, raise and support an army and navy, and lay and collect taxes by appointment, and indirect taxes by exercise, duties or imports.

///// - 9 .

Ed. 941, 950-51 (1924).

23.

By "jurisdiction" is meant the authority of the Federal Courts to
hear and decide a matter. Thus, it is even more correct to say that,
"The Federal Courts have no jurisdiction of Common Law Offenses, and
there is no jurisdiction of Common Law offenses, and there is no ab-
stract pervading principal of the Common Law of the Union under which
we (Federal Courts) can take jurisdiction." State of Pennsylvania v.
Wheeling E. Bridge Co., 13 How. (54 U.S.) 518, 563 (1851).

24.

If Congress tries to make a Common Law offense a crime (such as
libel, drugs, theft, burglary, murder, kidnapping, arson, rape, abor-
tion, assault, fraud, etc.), which have no relation to an enumerated
power, it would simply be an "unconstitutional" act. Congress can de-
clare nothing to be a crime except where it is based upon a delegated
power. Thus, the only thing that can be a crime against the "United
States" is that which comes from the U.S. Constitution. These concepts
were stated early on by the U.S. Supreme Court:

> In relation to crimes and punishments, the objects of the delegat-
> ed power of the United States are enumerated and fixed. Congress
> may provide for the punishment of counterfeiting the securities
> and current coin of the United States, and may define and punish
> piracies and felonies committed on the high seas, and offenses
> against Article §8***, but there is no reference to a Common
> Law authority. Every power is [a] matter of deffinate and pos-
> itive grant; and the very powers that are granted cannot take effect
> until they are exercised through the medium of law. The United
> States v. Worrall, 2 Dall. (2 U.S.) 384, 391 (1798).

25.

A Constitution is not to be made to mean one thing at one time,
and another at some subsequent time when the circumstances have so
changed, as perhaps to make a different rule in the case desireable.
A principal share of the benefit expected from written Constitution
would be lost if the rules they establish were so flexible as to bend
to circumstance or be modified by public opinion. [A] court of legis-
lature which should allow a change in public sentiment to influence
it in giving to written constitution and construction not warranted
by the intention of its founders, would be justly chargeable with

///// - 11

by the intention of its founders, would be justly chargeable with reckless disregard of Official Oath (28 U.S.C. §453, 18 U.S.C. §1621) and public duty; and if its course could become a precedent these instruments would be of little avail.  What court is to do, therefore, is to declare the law as written.  T.M. Cooley:  A Treatise on the Constitutional Limitation, 5th Ed., pg. 54, 55, rather than be swayed by political ambition and the  unlawful unsurpation of police powers. Chief Justice John Marshall stated:

> "We [judges[ have no more right to decline the exercise of juris-
> diction, which is given, than to usurp that which is not given.
> The one or the other would be treason to the Constitution."
> Cohens v. Virginia, 6 Wheat.  (19 U.S.) 264, 404 (1821).

26.

The district court erred in not determining jurisdiction prior to entertaining the cause.

## STANDARD OF REVIEW

The court's duty to resolve the jurisdiction of the court regardless of who brings the action, the court must make a legal finding as to it's authority to take venue and jurisdiction, before the court moves to entertain the cause before it.  See, 20 Am. Jur. 2d §60, 377

## §60 POWER AND DUTY TO DETERMINE JURISDICTION

A court has the power and duty to examine and determine whether or not it has jurisdiction over the subject matter presented to it, and its determination being subject, of course, to appellate review. This question should be considered before it looks at other matters involved in the case, such as whether the parties are properly before the court.  It may, and must do this on it's own motion, without waiting for the question of it's jurisdiction to be raised by any of the parties involved in the proceedings.

## §65 EFFECT OF LACK OF JURISDICTION

"The general rule is that proceedings conducted or decisions made by a court are legally void when there is an absence of jurisdiction over the subject matter.

///// - 12

A court devoid of jurisdiction over the case cannot make a decision in favor of either party, cannot dismiss the complaint for failure to state a claim and cannot render a summary judgment, as a decision would be on the merits of the action.  It can only dismiss the case for want of jurisdiction.  However, a court can still set aside orders it made before the want of jurisdiction was discovered, and a judgment by a court without jurisdiction over subject matter can be set aside and vacated at any time by the court that rendered it."  (In part).

27.

The Petitioner asserts that the district court lost its jurisdiction, once it failed to determine jurisdiction to hear this case at bar before proceeding with sentencing and/or trial.

28.

The question of challenging the court, and the United States jurisdiction, was never waived by this Petitioner, it is well settled in the law that when jurisdiction of the court and of the United States is challenged, thus, " Onus Probandi is the actor."  Onus Probandi burden of providing the burden of proof, " The strict meaning of the Onus Probandi, " is that, if no evidence is adduced by the party on whom the burden is cast, the issue must be found against him, Davis v. Rogers, 1 Houst (del.) 44.  "Where jurisdiction is challenged it must be proved," Hagen v. Lavine, 415 U.S. 528 (1974).  Because it is not sufficient that jurisdiction of the United States Courts may be inferred argumentatively from averments in the pleadings it follows that the necessary factual predicate may not be gleaned from the briefs and arguments themselves; this principal of federal jurisdiction applies whether that the case is at the trial stage or at the appellate stage.

29.

The Petitioner asserts that the court and government has not been granted jurisdiction through the Constitution of the United States of America, to adjudicate matters beyond the legislative jurisdiction of the United States.  The courts and the government have failed to offer proof, or make findings and conclusions of law, as to the jurisdiction in the above alleged criminal action.

///// - 13

" A court cannot proceed at all in any case without jurisdiction but must announce the fact and dismiss the cause." See, Ex Parte McCardle, 7 Wall 506, 19 L.Ed. 264. Before considering each of the standings theories, it is appropriate to restate certain basic principals that limit the power of every Federal Court. Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto. e.g. Marbury v. Madsion, 1 Cranch 137, 173-180, 2 L.Ed. 60 (1803). For that reason, every Federal Appellate Court has a special obligation to "satisfy itself not only of its jurisdiction, but also that of the lower courts in a cause under review,", even though the parties are prepared to concede it. Mitchell v. Maurer, 293 U.S. 237, 244, 79 L.Ed. 338, 55 S.Ct. 162 (1934). See, dice v. Vail, 430 U.S. 327, 3331, 332 51 L.Ed.2d 376, 97 S.Ct. 1211 (1977)(standing), "and if the record discloses that the lower courts was without jurisdiction (such as in this case) this court will notice the defect, although the parties make no contention concerning it." See, Bender v. Williams Port Areas School District, 475 U. S. 534 L.Ed.2d 501, 106 S.Ct. 1326. When the lower Federal Courts lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit. See, United States v. Corrick, 298 U.S. 435, 440 80 L.Ed. 1263, 56 D. Vy. 829 (1936). See also e.g., United States v. Mala, 449 U. S. 539, 547-548 n.2, 66 L.Ed. 722, 101 S.Ct. 764 (1981), City of Kenosha v. Bruno, 412 U. S. 507, 511 37 L.Ed.2d 109, 93 S.Ct. 122 (1973), Clark v. Paul Gray Inc., 306 U. S. 583, 588, 83 L.Ed. 1001 59 S.Ct. 744 (1939), St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287-288 n.10 82 L.Ed. 845 58 S.Ct. 586 (1936). This obligation to notice defects in a court of appeals, subject matter jurisdiction, assume a special importance, when a constitutional question is presented. In such cases we have held strictly to the standing requirements to ensure that our deliberations will have benefit of adversary presentation and full development of the relevant facts. The court msut be mindful that the powers of the legislature are defined and limited and that those limits may not be mistaken or forgotten, the

///// - 14

Constitution of the United States of America has been written indeed this is the very essence of the judicial duty.  See, **Marbury v. Madison**, 5 U.S. 137, 176-178, i Cranch 137 (1803).  See also, **Bell v. Maryland**, 378 U.S. 266, 224 (1964)(Douglas J. Concurring).  "A district court are courts of limited jurisdiction, which has only power conferred on it by this Title under 28 U.S.C.A. Article III, and  cannot assume jurisdiction."  See, **Standard v. Olesen**, 74 S.Ct. 768 (1954) also, **McNutt v. G.M.**, 56 S.Ct. 789, L.Ed 1135., and **Thomson v. Gaskiel**, 62 S.Ct. 573, 83 L.Ed 111.  It is clear that federal jurisdiction does not rest in federal, statutes that do not invest exclusive jurisdiction. Neither statute governing courts authority nor the statute governing the charged crime invest exclusive authority of the subject matter to justify the abrupt (police power) removal of this Petitioner from the State jurisdiction, by the Federal Government.  The Supreme Court in **Housenbaum v. Hauer**, 120 U.S. 450 (1887), searching the language of the statutes to see if jurisdiction is conferred by a statue stated:

> "Here we are bound by statute and not by ya-yes, but by an
> act of Congress, which obliges us to follow the State statute
> and State practice.  The Federal courts are bound hand and foot
> and are compelled and obligated by the federal legislature to
> obey the State law."

30.

The Petitioner contends that such rules prevail where it appears from the record that the court was without jurisdiction, of either person or the subject matter.  For the record, where it appears from the record that the court did not have jurisdiction of the person or the subject matter, there is not conclusive presumption to preclude an injury into the fact and to prevent a declaration of the invalidity of the judgment.  A record, which affirmatively shows want of jurisdiction, is of its self, <u>conclusive as that fact.</u>

31.

Moreover,  a district court judge may and must check for the courts jurisdiction to proceed, in the pleading proceeding.  He must fo this on his own motion without waiting for the question of lawful jurisdiction to be raised by any of the parties  involved in the proceedings. He is charged to know that the court proceedings conducted absent jurisdiction over the subject matter are legally void and subject to

collateral attack.  See, 45 Am. Jur. 2d. Judgment §26.  As a district court judge charged with knowledge that jurisdiction is the authority to hear and determine a specific case within a class over which the court has subject matter jurisdiction.  Also awareness that his court is subject to Territorial limitation and cannot extend the jurisdiction authority which comes pursuant to an act of Congress and under which behalf the court functions.  Knowing that the jurisdiction of this court is limited and can be further limited by constitutional or statutory provisions to only part of the territory of the sovereignty to which the court belongs.  See, American Jurisprudence 2d. Courts §115.

32.

The district court of Petitioner's conviction is one limited and special original jurisdiction, its action must be confined to the particular cases, controversies, and parties over which the constitution and the laws have authorized it to act; any proceedings without the limits prescribed is Coran Non Judice and its actions a nullity. See, State of Rhode Island et. al. v. Commonwealth of Mass., 37 U.S. 657 (1938).  The statute designating the Federal Government charges, that if a crime does not authorize concurrent jurisdiction doctrine to issue ancillary orders while determining their own jurisdiciton, and to punish as criminal contempt, the violations of such orders, even though it may later be determined that the court lacks jurisdiction over the proceedings.  When a court assumes but later discovers that it has no jurisdiction, the court must take the appropriate action although it acted in accordance with its previous belief that it had jurisdiction.  See, American Jurisprudence 2d. Courts §60 pg.377. Jurisdiction to render a judgment in a particular case over or against particular persons may not be presumed where the record itself shows jurisdiction has not been acquired.  See, Old Wayne Mut. Life Assoc. v. McDonough, 204 U.S. 8, 51 L.Ed. 345, 27 S.Ct. 236.  Hence a fact connected with jurisdiction to render a judgment may not be in the face of statements to the contrary in the record.

## FAILURE TO ESTABLISH FEDERAL INTERSTATE COMMERCE NEXUS

Defense counsel was ineffective by failing to raise or challenge

///// - 16

the governments lack of Federal Subject Matter Jurisdiction over the alleged prohibitive acts charged against the Petitioner.

That, defense counsel failed ab initio to raise or challenge that the Federal Statutory Provisions under which the Petitioner is charged failed to contain language of an Interstate Commerce Nexus. The enumerated subsection under which the Petitioner is unlawfully incarcerated and detained of his liberty, possess no language which could be construed as importing, interposing or incorporating a Commerce Nexus. Thus, the language of the statute does not grant Federal Subject Matter Jurisdiction nor grant formal notice to the accused party that he alleged violations of Title 21 U.S.C. §§841(a)(1), (B)(1)(A) and 846, also invokes an uncharged violation of the Federal Interstate Commerce Statute, even though no prohibitive acts moved beyond the borders of the sovereign state or across state line or international borders. The Federal Government does not have a general police power, thereby the legitimate application of Title 21 U.S.C. §§841(a)(1), (B)(1)(A) and 846 may only be applied if connected to an alleged violation of the Interstate Commerce Statute through an Act of Congress.

35.

Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960) at 857. Supreme Court stated that, "The essential element was the allegation of an Interstate Commerce which provided the court with (subject matter) jurisdiction" over the alleged prohibitive acts. Where the instant matter is concerned, the government has failed ab initio to establish that the prohibitive conduct of the Petitioner, moved beyond the border of the sovereign state, thus in the clear absence of a commerce charge, the government failed to establish Federal Subject Matter Jurisdiction over the alleged offense.

36.

Under our Federal system, the "States possess primary authority for defining and enforcing the criminal law." See, Brecht v. Abrahamson, 507 U.S. 123 L.Ed.2d 353, 113 S.Ct. 1710 (1930), quoting: Engle v. Issac, 456 U.S. 107, 71 L.Ed.2d 783, 102 S.Ct. 1031, 162 ALR 1330 (1945) (plurality opinion) "Our National Government is one of delegated powers alone. Under our federal system the administration of criminal justice rests with the state except as Congress, acting within the scope

both delegate powers has created offenses against the United States." When Congress criminalizes conduct already denounced as criminal by the state it affected a change in the sensitive relation between federal and state criminal jurisdiction. **United States v. Unmans, 410 U.S. 396 441-442, 35 L.Ed.2d 379, 93 S.Ct. 1007 (1973).** Quoting, **United States v. Bass, 404 U.S. 336, 349 30 L.Ed.2d 488, 92 S.Ct. 515 (1971).** It's obvious the government would have to acknowledge that Title 21 U.S.C. §§841(a)(1), (B)(1)(A) and 846, displaces state policy in that its prohibitions is being used in every state. **Titles 21 U.S.C. §§841(a)(1), (B)(1)(A) and 846,** are now being used outside their scope of intended use by inappropriately over-riding state law. By imposing higher penalties and establishing mandatory penalties for the same offenses that the state already charges. The policies reflected in these provisions could legitimately be adopted by the states but they should not be imposed upon the states by Congress. By the government's use of these statutes outside their intended use we have a system that can punish the same act by different individuals with different and more selective punishmen. Thus, the abuse mentioned, defendant in the case also charges the government was selective by going outside its jurisdiction which was clearly spelled out by the 99th Congress 2d Session, of the Federal Statutory Provisions under which the Petitioner is alleged to have violated the act in question to determine, whether it applies solely within the jurisdiction of the United States. Analysis of the operative section of the act, particularly the sections at issue herein, clearly reveals that there is nothing, which indicates that the act applies anywhere but within the United States Territories and Enclaves. There is simply no statutory language expressly stating that the act applies "extra jurisdictionally." Further, the Federal Statutory Provisions which are an issue Title 21 U.S.C. §§841(a)(1), (B)(1)(A) and 846, totally fail to refer to any Act by Congress.

h. Petitioner3                          37.

The Petitioner asserts prosecutorial misconduct and plain error, 52(b) F.R.C.P., in that the application was not within the scope of Rule 7(c)(1), F.R.C.P. to the indictment in which was an amendment

to cure the jurisdiction requirements; the indictment failed to explicitly, allege a (nexus) to commerce. See, United States v. Knowles, 29 F.3d 947, 952 (5th Cir. 1944).

### 3B.

The Petitioner stands firm on his assertion that he was highly prejudiced by the prosecutor, not qualifying the jurisdiction nexus in the statute, to the Grand Jury. The Second and Third Circuit is record as expressing the view that "when the word or phrase is used in the Sect. of the "Act" more than once, and the meaning is clear as used in one place." Meyer v. United States, 175 F.2d 45, 47 (2nd. Cir. 1949), quoting, Lewellyn v. Nunez, 573 F.2d 769 (2nd Cir. 1978), and C.I.R. v. Ridgeway's Estates, 291 F.2d 257 (3rd. Cir. 1961). It is elementry principle of criminal pleadings, that where the definition of an offense, whether it be common law or by statute, including generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the specifics it must descent to a particulars, United States v. Crikshank, U.S. 542, 558, 23 L.Ed. 58, 593. An indictment not framed to appraise the defendant with reasonable certainty, of the nature of the accusation against him, and it's jurisdiction to sustain those accusations is defective, although it may follow the language of the statute. See, United States v. Simmons, 96 U.S. 360, 362, 24 L.Ed. 819, 820. In an indictment upon statute, it is not sufficient to set forth the offense in the words of the statue, unless those words of them selves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. See, United States v. Carll, 105 U.S. 611, 612, 26 L.Ed. 1135, certainly the jurisdictional nexus, constitutes one of the elements. Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the fact and circumstance as well inform the accused of the specific offense, coming under general discription with which he is charged, (an indictment that fails to state its jurisdiction nexus in the pleadings or statute, certainly would not be informing the accused of the above provisions). For similar views see, United States v. Hess, 124 U.S.

Blitz v. United States, 153 U.S. 308, 315, 38 L.Ed. 725, 727, 14 S.Ct. 924; Keck v. United States, 172 U.S. 434, 437 43 L.Ed. 505, 507, 19 S.Ct. 254; Morissette v. United States, 246, 270 note 30, 96 L.Ed. 288, 304 S.Ct. 240, cf. U.S. v. Petrillio, 332 U.S. 1, 10, 11, 91 L.Ed. 1877, 1884, 1885, 67 S.Ct. 1538. That these basic principles of fundamental fairness retain their full vitality under modern concepts of pleading and specifically under Rule 7(c) of the F.R.C.P. in this case at bar, a mere citation (such as the government used in this case) to the applicable statute does not give the defendant just and proper notice of the nature of the offense. An indictment that must rely on a statutory citation does not fully directly, and expressly, without any uncertainty or ambiguity set forth all the elements (such as jurisdiction) necessary to constitute the offense intended to be punished (or to sustain the charges).  See, Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 1887, 2907-08, 41 L.Ed.2d 590 (1974).  Furthermore, a statutory citation does not ensure that the Grand Jury has considered and found all essential elements such as (jurisdiction) of the offense charged.  It therefore fails to satisfy the Fifth Amendment guarantee that no person be held to answer for an infamous crime unless of indictment of a Grand Jury.  See, United States v. Pupo, 841 F.2d 1235 (4th Cir. 1988) quoting, United States v. Hooker, supra. at 8412 F.2d 1225 (4th Cir. 1988).  As stated in Hooker, when an indictment fails to include an essential element of the offense charg- ed, it thereby fails to charge any federal offense and conviction under the indictment may not stand.  A Grand Jury in order to make the ultimate determination, must necessarily determine, what gives the government jurisdiction to sustain, or bring these charges.  To allow the prose- cutor, or the court to make a subsequent guess as to what was in the minds of the Grand Jury at the time they returned the indictment would deprive the defendant of a basic protection which guarantee of inter- vention of a Grand Jury was designed to secure.  For a defendant could then be convicted on the basis of facts not found by a Grand Jury or perhaps, not even presented to the Grand Jury which indicted him such as this case now, before this court, the jurisdiction nexus needed and required certainly was never presented to the defendant's Grand Jury. For similar views.  See, Orfield Criminal Procedure from Arrest to Appeal 243.  This underlying principle is reflected by the settled rule in the federal courts that an indictment may not be amended by resubmission

to the Grand Jury unless challenged as a matter of form, Ex Parte
Bain, 121 U.S. 1, 30 L.Ed. 849, 7 S.Ct. 781; United States v. Norris,
821 U.S. 619, 74 L.Ed. 1076, 50 S.Ct. 424; Stirone v. United States,
361 U.S. 212, 4 L.Ed.2d 80 S.Ct. 270.  If it lies within the province
of a court to amend an indictment  to suit its own notion of what ought
to have been, when such allegation of a commerce nexus is not submitted
tothe Grand Jury, neither the government or  has the authority to amend
an indictment to incorporate the crucial missing element.  The great
importance which the common law attaches to an indictment by a Grand
JUry, as a prerequisite to a prisoner's trial for a crime and without
which the Constitution says no person shall be held to answer which
may be frittered away until its value is almost destroyed.  Any other
doctrine would place the rights of the citizens which were intended
to be protected by this Constitutional provisin, at the mercy or control
of the court or prosecuting attonrey; for if it be once held that the
charges can be made by the consent of the order of the court in the
body of the indictment as presented by the Grand Jury, and the prisoner
can be called upon to answer to the indictment as thus changed, the
restriction which the  Constitution places upon the power of the court,
in regards to the prerequisite of an indictment, in reality no longer
exists.  Ex Parte Bain, supra. (121 U.S. at 10, 13).  This court must
be aware that "the very purpose of the requirement that a man be in-
dicted by a Grand Jury is to limit his jeopardy to offenses charged
by a group of his fellow citizens acting independently of either pro-
secuting attorney or judge."  See, Stirone v. United States, supra.
361 U.S. at 218.

### LACK OF ADMINISTATIVE AGENCY JURISDICTION OVER
### LOCUS IN QUO

39.

Defense counsel was ineffective by failing to raise or challenge
that no amendment to the Constitution can be found to provide for the
unbridled, nationwide application of the Federal Statutory Provisions
under which the Petitioner is charged.

40.

The Federal Constitution prescribes what the "jurisdiction" of the
Federal Government is by the enumerated powers.  That government can
regulate foreign and interstate commerce, fix the standards of weight
and measurements. establish uniform laws on bankruptcies. coin money

and provide for the punishment of counterfeiting of the coins and securities of the United States, protect the arts and sciences by copyrights and patents, punish for piracies and felonies committed on the high seas, raise and support an army or navy, and lay and collect direct taxes by apportionment, and indirect taxes by exercise, duties, or imports.

41.

The Constitution for the United States created a government which has jurisdiction over certain enumerated subject matter.  It is only in these areas that Congress can enact laws, and when they do, they are to enforce the law.  But when laws do not come from an enumerated power, the Federal Courts are to prevent the U.S. Government or Congress from applying them.

42.

This is about the extent of the legitimate jurisdicition of the Federal United States Government.  It is only in these areas, supra, that a crime  (or offense) against the Federal States" can exist, and this is so only when Congress actually pass law in one of these areas.  But an act committed within a State, whether with honest or criminal intent, cannot be made an offense against the United States of America unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States.  United States v. Fox, 95 U.S. 670, 672 (19877). [T]he courts of the United States, merely by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatsoever.  The criminal  jurisdiction of the courts of the United States is whollyrived from the statutes of the United States.  Manchester v. Massachusetts, 139 U.S. 240, 262 (1890); United States v. Flores, 289 U.S. 137, 151 (1932).  Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court.  United States v. Beford, 27 Fed. Cas., pg. 91, 103 Case No. 15, 867 (1847).

43.

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offense against the United States unless it is made so by a Congressional Act pursuant to the U.S. Constitution.  There is no other source from which Congress can get authority to make law, including the Common Law.  Thus, it has been said that, "There is no Federal Common

44.

But a better way of stating this is to say, "There are no Common Law offenses (or crimes) against the United States." United States v. Britton, 108 U.S. 199, 206 (1882); United States v. Eaton, 144 U.S. 677, 687, (1897); United State v. Gradwell; 243 U.S. 476, 485 (1916); Donnelley v. United States, 276 U.S. 505, 511 (1927); Jerome v. United States, 92 Fed.2d 753 (1937). In other words the Common Law is not a source for criminal jurisdiction as it is in States. United States v. Grossmand, 1 Fed.2d 941, 950-951 (1924).

45.

By "jurisdiction" is meant the authority of the federal courts to hear and decide a matter. Thus, it is even more correct to say that, "The federal courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principle of the Common Law of the Union under which we (federal courts) can take jurisdiction." State of Pennsylvania v. The Wheeling E. Bridge Co., 13 How (54 U.S.) 518, 563 (1851).

46.

If Congress tries to make a Common Law offense a crime (such as libel, drugs, theft, burglary, kidnapping, arson, rape, abortion, fraud, etc.) having no relation to any enumerated power it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime except where it is based upon a delegated power. Thus, the only thing that can be a crime against the United States is that which comes from the U.S. Constitution. These concepts were stated early on by the U.S. Supreme Court.

"In relation to crimes and punishments, the objects of the delegated powers of the United States are enumerated and fixed. Congress may provide for the punishment of counterfeiting the securities and current coin of the United States, and may define and punish piracies and felonies committed on the high seas, and offenses against the law of nations. Art. §8 but there is no reference to a Common Law Authority. Every power is [a] matter of definite and positive grant; and the very powers that are granted cannot take effect until they are exercised through the medium of law. The United States v. Wortall, 2 Dall. (2 U.S.) 384, 391 (1798).

47.

A Constitution is not to be made to mean one thing at one time, and another at some subsequent time when the circumstances have so chang-e, as perhaps to make a different rule in the case seem desirable. A principle share of the benefit expected from written constitution would be loss if the rules they establish were so flexible as to bend to circumstances or be modified by public opinion.   [A] court or legis-lature which should allow a change in public sentiment to influence it in giving to a written constitution a construction not warranted by the intention of its founders, would be justly chargeable with reck-less disregard of the official oath.   (28 U.S.C. §453 - 18 U.S.C. §1621) and public duty; and if its course could become a precedent; these instruments would be of little avail.   What a court is to do, therefore, is to declare the law as written.   T.M. Cooley A Treaties on the Constitutional Limitations, 5th Ed., pp. 54, 55 rather than be swayed by political ambition and the unlawful usurpation of police powers.   Chief Justice John Marshall stated:

> "We [Judges] have no right to decline the exercise of
> jurisdiction which is given, that to usurp that which
> is not given.   The one or the other would be Treason to
> the Constitution."   Cohens v. Virginia, U.S. 264. 404
> (1821).

48.

The United States Code was approved by an Act of Congress on June 30, 1926 (44 Stat. Part I).   The code is assembled and revised under the supervision of "The Committee on the Judiciary of the House of Representatives."   The main work of revision is done by a subcommit-tee of office of this committee called "The Office of the Law Revision Counsel of the House of Representatives."   It consists of an appointed supervisor, some memeber of Congress, some volunteer lawyers, and persons from West Publishing of St. Paul Minnesota.

49.

When the U.S. Code was first, published, it never was stated to be the official laws of the United States.   Rather, it was stated

that the Code was a "restatement of law, or was only prima facie evidence of the laws of the United States." On this matter the court stated:

> The United States Code was not enacted as a statute, nor can it be construed as such. It is only a prima facie of the statement of the statute.... If construction is necessary, recourse must be had to the original statutes themselves. **Five Flags Pig Line Co. v. Dept. of Transportation**, 854 F.2d 1438, 1440 (1988); **Stephan v. United States**, 319 U.S. 415, 426 (1943), 44 Stat. Part I, preface; **Murrell v. Western Union Tele. Co.**, 160 F.2d 787 (1947); **United States v. Mercur Corp.**, 83 F.2d 178, (1936).

50.

This tells us that the United States Code, as originally established, was not on an equal plain with the "original statutes" or the Statutes at Large. Thus, the Code was not **True Law**. With the state of regular use of U.S. Code, numerous problems arose in that it contained mistakes, errors and inconsistencies as compared to the Statutes at Large. Thus, in 1947, Congress enacted several of the Titles into "positive law," such as the Act: "To codify and enact into positive law, Title 1 of the United States Code," in doing so they devised some new terminology; which is set out under 61 Stat. 633, 638-644; 1 U.S.C. §204(a).

51.

Look back at the cases cited, which state that the criminal jurisdiction of the United States exists only by Acts of Congress pursuant to the Constitution. In the nature of a question of law, if a federal court were asked whether the Code cited in an indictment is an Act of Congress, the court could not sightfully say it is, because the Code citation contains no Congressional enacting for that citation as required by 61 Stat. 633, 634 §101. If no such enacting clause appears on the face of the law, it is not an Act of Congress. The argument in such a case is that the indictment does not set forth a case arising under the Constitution, as there is no Act of Congress with a duly required enacting clause. Thus, there is no subject matter jurisdiction pursuant to the federal judicial power defined in the nature of Article III, §2 of the Federal Constitution.

52.

No where does it say in the Code, or in the pronouncements by Congress or the Courts, that the laws in the U.S. Code are Acts of Congress. In fact, the Code is always regarded as something different from the statutes at Large.

But no one denies that the official source to find the United States law is the **Statutes at LArge** and the Code is only prima facie evidence of such laws.

53.

An invalid, unconstitutional or non-existnet statute affects the validity of the "charging document," that is, the complaint, indictment or information. If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the court's jurisdiction. When an accused party is indicted under a not-yet-effective or unenacted statute, the charging documents is void.

54.

Congress has no general power to enact police regualtions operation within the territorial limits of a State. **Slaughter-House Cases,** 83 U. S. 36; United **States** v. Dewitt, 76 U.S. 41; **Gibbons v. Ogden,** 22 U. S. 1; and it cannot take this power from the States or attempt any supervision over the regulations of the States established under this power, **Keller v. United States,** 213 U.S. 138. The exercise of the police power by a State is beyond interferences by, the Federal Government. See also, **People v. Godfrey,** 17 Johns 225 at 233 (N.Y. 1818); United **States** v. Bevans, 16 (3 Wheat) 336 (1818); **Adams v. United States,** 319 U. S. 312 (1943). **Caha v. United States,** 152 U. S. 211, 215 (1894), Supreme Court authorities, which contain language that leaves no room for misinterpretation of misapplication.

## UNPROMULGATED REGULATORY STATUTES

Defense counsel was ineffective by failing to raise that there are no public implementing regulations in the Code of Federal Regulations (CFR) for the Federal Statutory Provisions under which the Petitioner is charged.

57.

That, defense counsel failed ab initio to raise or challenge the fact that the Federal Statutory Provisions under which the Petitioner is charged are unenacted by Congress, unpromulgated in the Federal Register and possess no public implementing authorities in the Federal Code of Regulation. The Petitioner would like the record to reflect that the Federal Statutory Provisions under which he is charged, are in fact **Commercial Regulatory Statutes** which have not been promulgated in the Federal Register or the Code of Federal Regulations, as required under **44 U.S.C. §1505, et. seq., and 5 U.S.C. §601.** Therefore, it is arguable that this court has jurisdiction to adjudicate sanctions for violations of unpromulgated regulatory statutes. The Petitioner thus advances with supporting authorities that no documentation can be shown that the enumerated subsections under which the accused party is charged, have published regulations, thus, these Federal Statutory Provisions Title 21 U.S.C. §841(a)(1)          'and **Title 18 U.S.C. §2,** lack the force and effect of law, when misapplied beyond parameters of Rule 54(c) - Acts of Congress, of Federal Rule of Criminal Procedure.

58.

In **Foley Brothers v. Filardo,** 336 U.S. 281 (1949), the high court stated, "It is well established as a principle of law, that all federal legislative applies only within the territorial jurisdiction of the (federal) United States unless contrary intent appears." In order for a contrary intent to be facilitated, delegations of authority and implementing regulations must be published in the Federal Register.

59.

Fortunately, there is a readily available method for discerning which Statutes at Large, and which statutes contained within the 50 Titles of the United States Code, posses either restricted application at large. This method is through consulting the Parallel Tables of Authority and Rules which begin at page 709 of the 1998 Index Volume to the Code of Federal Regulations. Its authority is located at 1 C.F.R. §8.5(a).

60.

The Administrative Procedure Act, located at 5 U.S.C. §552, et.
seq., and the Federal Register Act, located at 44 U.S.C. §1505 et.
seq., provide the means for determining which statutes in any given
Act of Congress are applicable, within federal areas, and which statutes
have "general" applicability within the territories, enclaves, and
insular possessions, belonging to the Federal United States.  At §1505
(a)(1) of Title 44 of the United States Code, it is found that if
a Stattue is not published in the Federal Register, the application
of the statutory provision is restricted to federal agencies, or per-
sons acting in their capacity as officers, agents or employees of the
federal government.

61.

Positive Law is the irrefutable law of the United States of America,
which has withstood the test of time.  However, when federal statutory
provisions are not duly and properly promulgated in accordance with
the law, then such statutes lack the force of law, and may not be applie
capriciously or arbitrarily.

62.

In Hotch v. United States, 212 F.2d 280 (9th Cir. 1954), at p.283
the court stated:

> " Under our system of law, no act is punishable as
> a crime unless it is specifically condemned by the
> Common Law or by statutory enactment of the Leg-
> islature (22 C.J.S. Crim.Law, see 17).  Therefore,
> the Administrative Procedure Act and the Federal
> Register Act must be read as a part of every Con-
> gressional delegation of authority unless specifically
> excepted.  Those acts require publication, irrespec-
> tive of actual notice, as a prerequisite to the
> "issuance" of a regulation making certain acts
> criminal.  If certain acts have not been made crimes
> by duly enacted law, the knowledge of their
> administrative proscription cannot subject the in-
> formed person to criminal prosecution.  While
> ignorance of the law is no defense, it is conversely
> true that a law which has not been duly enacted into
> positive law, is not a law general applicability and
> therefore, a person who does not comply with its pro-
> visions cannot be guilty of a crime."

///// - 28

63.

In **Wei v. Robinson**, 246 F.2d 739 (7th Cir. 1957) cert. den. 78 S.Ct. 144, 355 U.S. 879, the Supreme Court stated, "Contents of the Federal Register and th Code of Federal Regulations are prima facie evidence of the original text and are required to be judicially noted." In **Wolfson v. United States**, 492 F.2d 1386, 204 Ct. Cl. 83 (1974). "When regulations are published in the Federal Register, they give legal notice of their contents to all who may be affected thereby." In **Schafer v. United States**, 229 F.2d 124, cert. den. 76 S.Ct. 78, 351 U.S. 931, the court stated, "The publication of a document in the Federal Register creates a rebuttable presumption of validity." **Norther States Power Co. v. Rural Electrification Administration**, 248 F.Sup. 616 (1965), the court stated, "Rules by which government agency of general applicability and published in accordance with the Federal Register Act have force and effect of Statute Law and are binding on those publishing them as well as the general public until such times they be repealed of modified. Fed. Reg. Act §1, et. seq., 44 U.S.C.A. §301 et seq.

64.

In **United States v. Mersky**, 361 U.S. 431, 438 (1960), the Supreme Court stated:

> "Once promulgated, these regulations called for by the statute itself have the force of law, and violation thereof incur criminal prosecutions just as if all the details have been incorporated into the Congressional language. The result is that neither the Statute nor the Regulation are complete without the other, and only together do they have any force in effect; therefore, the construction of one necessarily involves the construction of the other, and in the context of criminal prosecution, the rule of strict construction must be applied in the interpretation of an Administrative Regulation to which penal consequences attach under the Statute authorizing the promulgation of the regulation, as well as the construction of the statute."

65.

In **United States v. Reinis**, 794 F.2d 506 (9th Cir. 1986), the court stated, "An individual cannot be prosecuted for violating the "Act" unless he violates an implementing regulation." See also, **United**

States v. Two Hundred Thousand Dollars, 590 F.Supp. 846 (S.D. Fla.
1984), specifically stated at 1 C.F.R. §1, "All regulations must be
published in the Federal Register to have general applicability and
legal effect."  Regulation published by the Secretary at 26 C.F.R.
601-702(ii), acknowledge the effect of failure to publish by stating,
"Thus for example, any such matter which iposes an obligation and which
is not so published or incorporated by reference will not adversely
change or affect a persons rights."

66.

The Supreme Court stated in United States v. Welden, 377 U.S. 95
(1964), that, "Under 1 U.S.C. §204(A), which provides that the United
States Code established prima facie the laws of the United States and
tha when Titles of the Code are enacted into positive law, the text
thereof is legal evidence of the law contained therein, the very mean-
ing of 'prima facie' is that the Code cannot prevail over the Statutes
at Large when the two are inconsistent.  If construction of a section
of the United States Code which has not been enacted into positive
law is necessary, recourse must be had in the Original Statutes them-
selves and a changed arrangement made by the codifier without the ap-
proval of Congress should be given no weight.  Stephan v. United States,
319 U.S. 423 (1943); Best Foods v. United States, 147 F.Supp. 749,
37 Cust. Ct. 1 (1956); Peart v. Motor Vessel Bering Explorer, 373
F. Supp. 927 (1974).

67.

This provides that when implementing regulations are at variance
with the statutory provisions of which are intended to promulgate
that they fail to give proper notice under the due process clauses
of the Federal Constitution of the 'Fair Notice Doctrine,' set out
under United States v. Nevers, 7 F.3d 59 (5th Cir. 1993).  Admin-
istrative regulations, in order to be valid, must also be consistent
with, and not contrary to, "The statute under which they are prom-
ulgated."  United States v. Larionoff, 431 U.S. 864, at 973, 97 S.Ct.
2150, at 2156, 53 L.Ed.2d 48 at 56.  "A regulation beyond the scope
of, or in harmony with, underlying legislation is a mere nullity."
Id. at 873 n.12, 97 S.Ct. at 2156, n.12,; Manhatton Gen. Equip. Co.
v. C.I.R., 297 U.S. at 134, Neel v. United States, 266 F.Supp., at
10.  To make this determination, it is necessary for the court to

square the regulations against the statute that it purports to imple-
ment, comparing the sphere of authority of each. **Western Union Teleg.
Co. v. F.C.C.**, 541 F.2d 345, 354 (3rd CIr. 1976) cert. denied, 429 U.S.
1029 (1977). An Administrative Regulation must be reasonably related
to advancing the purpose of the enabling legislation. **Morning v. Family
Publication Service, Inc.** 411 U.S. 356, 369 (1973). In the framework
of criminal prosecution, unclarity in the statute or a regulation issued
thereunder is, enough to resolve doubts in favor of the defendant.
**United States v. Mersky, supra.**

## FATAL DEFECTS IN THE GOVERNMENT'S CHARGING INSTRUMENTS

### 68.

The defense counsel was ineffective by failing to raise or chal-
lenge the self-evident and self-declaring defects in the government's
charging instrument.

### 69.

The Petitioner argues that an indictment which fails to allege
all of the elements of the alleged offense is defective and must be
dismissed, where one of the elements is crucial and is in fact in
sine qua to the legitimate application of the subsequent charged of-
fense. The legitimate application and charging of Title 21 U.S.C.
§841(a)(1)                    Title 18 U.S.C. §2 must be connected to
an alleged violation of the Federal Interstate Commerce Statute, other-
wise Federal Subject Matter Jurisdiction is missing. See, **United States
v. Pupo**, 841 F.2d 1235, the Petitioner argues that an indictment fails
to appraise the accused party of what he must be prepared to defend
against. Accordingly, an allegation of Interstate Commerce is jurisdic-
tion and as such is an essential element in appraising the Petitioner
of the Grand Jury's authority to indict under Title 21 U.S.C. §841(a)(1)
Title 18 U.S.C. §2, see, **United States v. Young**, 730
F.2d at 224, (the particular predicate for jurisdiction is essential
element of offense); **United States v. McCray**, 685 F.2d 664, 678, 679
(5th Cir. 1982). The Constitutional rights of an accused are violated
when modification, at trial or by Court of Appeals acts to broaden the
charge contained in the indictment, such modifications contradict the
very purpose of the Fifth Amendment Grand Jury requirement. See,

///// - 31

United States v. Stirone, 361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct. (ex-
pressing similar views).  The failure of the government to include
in the indictment any charge that the Petitioner's conduct affected
Interstate or Intra-State, or any commerce was not cured by the cit-
ation of the Statutes.  In the sufficiency of an indictment it is the
statement of facts in the pleading rather than the Statutory Citation
(9th Cir. 1976).  It is elementary that every ingredient of the crime
must be charged in the bill, with a general reference note provisions
of the statute being insufficient.  See, Hale v. United States, 89 F.2d
(4th Cir.) and United States v.
Berlin, 472 F.2d 1002, 1007 (2nd Cir. 1973); also United States v. Beard,
414 F.2d 1014, 1017 (3rd Cir.).  This indictment under Title 21 U.S.C.
§841(a)(1)                    Title 18 U.S.C. §2, can be sustained even
if commerce.  See, United States v. Lopez, at F.3d 1342, (the holding
of the 5th Cir. Court of Appeals).

                              70.

The Federal Government's failure to establish proof of other evidence
or jurisdiction or ownership over each and every geographical location
in which the alleged criminal activities took place divested the court
of jurisdiction over the subject matter and mandates reversal.  Where
the lands were never ceded to the United States, and the location which
lie within the territorial boundaries of the states and not the Federal
Government.  Then the Federal Government lacks jurisdiction over any
criminal activities which lies therein.  Thus, the government's view
that Title 21 U.S.C. §841(a)(1)
                                        Title 18 U.S.C. §2,
can be used and applied to all crimes that occur any place or in any
geographical location, even though the statute lacks a commerce nexus,
and the government's failure to allege any effect on commerce or other
basis for jurisdiction, and not withstanding the states sovereign juris-
diction over its territory, are contrary to the Constitution of the
United States.  Such a position would ask that this court to infer that
Congressional Laws may be converted to general police power

/////

//// - 32

without statutory or Constitutional support which only the States may properly possess.

71.

It is a firmly established and accepted fact that the Federal Government's power, authority, and jurisdiction does not extend beyond the boundaries and parameters of the embodiment of the Federal Government itself, i.e. "territory, lands, property owned by the Federal Government over which jurisdiction has been ceded by the State Legislature." However, the Federal Government does not have the power, nor does the Constitution grant the power to punish persons for various other crimes over which jurisdiction is retained by the States. Preventing and prosecuting such various crimes is much the business of the States than the Federal Government. Arizona v. Manypenny, 451 U.S. 232, 101 S.Ct. 1657. It is of the utmost importance and relevance to note, retain, and embellish within the mind that the territorial jurisdiction of the United States is limited to the Federal Enclave. United States v. Fessler, 781 F.2d 384, 386 (1986). In the instant matter, the facts and offense alleged do not conform with or meet any jurisdiction requirements described within and in the foregoing. Thus, without proper jurisdiction of the subject matter, any prosecution or continuation of this matter is unlawful at its inception and duration. To bring the offenses within the jurisdiction of the Federal Courts, it must have been committed out of the jurisdiction of any State; it is not the offenses committed, but rather the place in which the offense is committed. People v. Godfrey, 17 Johns 225 at 233. In the doctrine of "Lex Loci" or the "Law of the place" determines that standard of conduct and governs as to matters within the right of action. See, Gray v. Blight, 112 F.2d 696. While no one disputes the proposition that "the Constitution created a Federal Government of limited powers," Gregory v. Ascroft, 501 U.S. 452 458, 115 L.Ed.2d 410, 111 S.Ct. 2395 (1991); and that while the Tenth Amendment makes explicit "that the powers not delegated to the United States by the Constitution nor prohibited by it to the States, are reserved to the States respective, or to the people."

72.

The argument is the division of authority between the State and
Federal Government and the government's jurisdiction in sustaining
convictions under the Federal Statutory Provisions in which the Pet-
itioner is charged Title 21 U.S.C. §841(a)(1)                    . Title
18 U.S.C. §2, the government's broader reading of these statutes would
make a major inroad into the domain left to the States.  In power is
delegated to Congress in the Constitution (such as those enumerated),
the Tenth Amendment expressly disclaims any reservation of that power
to the States.  If a power is an attribute of the States sovereignty
(such as this one we are arguing), reserved by the Congress.  See, United
States v. Oregon, 366 U.S. 643, 649, 6 L.Ed.2d 575, 81 S.Ct. 1278 (1961).

73.

It is in this sense that the Tenth Amendment states but a truism
"that all is retained which has not been surrendered."  United States
v. Darby, 312 U.S. 10, 124, 85 L.Ed. 609, 61 S.Ct. 451, 132 ARL 1430
(1941).  As Justice Story put it, "...this amendment is a mere affirm-
ation of what, upon any just reasoning is a necessary rule of interp-
reting the Constitution.  Being an instrument of limited and enumerated
power, it follows irresistable, that what is not conferred is with-
held and belongs to the States authority," 3.j. Story Commentaries on
the Constitution of the United States 752 (1833).  The argument this
Petitioner brings to this court is the Federal Government did not
have jurisdiction over the geographical location wherein the alleged
prohibitive activity took place, in land, which was never ceded to the
United States, the interstate commercial element becomes essential to
establish jurisdiction and prove every element of the offense.  Applying
the rational of the Supreme Court in United States v. Mechanik, 475
U.S. 66, 70, 106 S.Ct. 938, 941, 89 L.Ed.2d 50 (1989), and United States
v. Hooker, 841 F.2d 1225, like the decision in Hooker, cannot be applied
here because the court had no jurisdiction to try Petitioner on a
count which failed to expressly allege an  effect on interstate
or intra-state commerce.   Jurisdiction is lacking if the indictment
did not allege a federal crime, by means of a connection with
interstate commerce.  This action by the prosecutor certainly deprives

crimes committed within a State is to convert Congressional authority into police power, which is only within the authority of the States. See, United States v. Lopez, No. 93-1260, (decided April 26, 1995). In McCullough v. Maryland, 4 Wheat 316 (1819), the Federal Government had to acknowledge that it can only exercise power granted to it. The enumerated presupposes something not enumerated. See, Gibbons v. Ogden, supra. at 195.  The Constitution mandates that Congress cannot give itself plenary police powers over the State territories. Congress must  operate within the framework of what the Supreme Court defines the law to be.  See, Marbury v. Madison, 1 Cranch 137.

74.

That, defense counsel failed at the sentencing of the Petitioner to raise or challenge that §3551 of Title 18 applies only to those who according to the language of the statutes, supra had been found guilty of any offense described in the Federal Statute ...other than an Act of Congress applicable exclusively in the District of Columbia. Acts of Congress (Federal Law) are defined and circumscribed under Rule 54(c) Federal Rules of Criminal Procedure.  Implementing regulation for 18 U.S.C. §3551 are at variance with their application in the instant cause.  Where the instant matter is concerned, the accused committed no violation of any properly enacted and duly promulgated federal law within the legislative jurisdiction of the Federal United States, nor within the parameters defined under the implementing regulation for the Federal Sentencing Provisions, thus, the Sentencing Provisions set out under Parallel Tables of Authorities and Rules 1997 Edit. at page 733, it is found that the implementing regulations for 18 U.S.C. §3551 are set out under 43 C.F.R. 9260 Public Lands, Alaska, 36 C.F.R. 242-subsistence management regulations for public lands Alaska and 50 C.F.R. 100, (same as 36 C.F.R. 242).  Where the instant matter is concerned the accused committed no violation properly enacted and/or duly promulgated federal law within the legislative jurisdiction of the Federal United States, nor within the parameters defined under the implementing regulations provisions, thus, the sentencing provisions set out under 18 U.S.C. §3551 do not apply to the accused.

75.

The court will find that the statutory provisions under which the U.S. District Court imposed the sentence against the accused (18 U.S.C. §3551) apply not to the Acts of Congress, which are applicable only in the District of Columbia. See, Rule 54(c).

76.

It may further be shown that the statutory provision, 18 U.S.C. §3551, is a variance with its published implementing, thereby creating ambiguity as to its lawful authority and applicability over the accused.

77.

An invalid unconstitutional, or non-existent statute affects the validity of the "charging document," that is, the complaint, indictment of information. If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the court's jurisdiction; when an accused party is indicted under a not yet effective or unenacted statute, the charging document is void.

78.

The indictment or complaint can be invalid if it is not constructed in the particular mode or form prescribed by the Constitution or Statute (42 C.J.S., "Indictments and Information," §1 page. 833). But it also can be defective and void when it charges a violation of a law, and that law is void, unconstitutional, unenacted, or misapplied if the charging document is void, the subject matter of a court does not exist. The want of a sufficient affidavit, complaint, or inform- ation goes to the jurisdiction of the court, and renders all pro- ceedings prior to the filing of a proper instrument void ab initio. 22 Corpus Juris Secundum, "Criminal Law," §334 pg. 390.

79.

One way in which a complaint, or indictment fails to charge a crime, is by its failure to have the charge based upon a valid or duly enacted law. Complaints or indictments which cite invalid laws, or incomplete law, or non-existent law are regarded as being invalid on their case, thus fatally defective.

80.

The crux then of this whole issue of jurisdiction revolves around law, that is , the law claimed to be violated. If one is subject to

law, they are then under the jurisdiction of some authority.  If a
crime is alleged but there is no law to form the basis of that crime,
there is no jurisdiction to try and sentence one even though they are
subject to the legislative body and the court.  There has to be a law,
a valid law, for subject matter jurisdiction to exist.  Laws which
lack an enacting clause are not laws of the legislative body to which
we are constitutionally subject.  Thus, if a complaint or information
charges one with a violation of a law which has no enacting clause,
then no valid law cited.  If it cites no valid law then the complaint
charges no crime, and the court has no subject matter jurisdiction
to try the accused party.

> [N]o authority need to be cited for the proposition that,
> when a court lacks jurisdiction, any judgment by it is
> void and unenforceable...and without any force or effect
> whatsoever.
> **Hooker v. Roles**, 346 F.2d 285, 286 (1965).

81.

A judge or court may be in a legal sense immune from any claims
that it is guilty of wrong because of its improper exercise of jur-
isdiction.  However, it has no such protection where it lacks juris-
diction and the issue has been raised and asserted.  When the lack
of jurisdiction has been shown, a judgment rendered is not only bold,
but is also usurpation.  Jurisdiction is a fundamental prerequisite,
and an usurpation thereof is a nullity.  22 **Corpus Juris Secundum**,
"**Criminal Law**," §150 pg. 183.  The excessive exercise of authority
has reference to want of power over the subject matter, the result
is void when challenged directly or collaterally.  If it has refer-
ence merely to the judicial method of the exercise of power, the result
is binding upon the parties to the litigation till reversed.  The
former is usurpation; the latter error in judgment.  **Voorhees v. The
Bank of the United States**, 35 U.S. 449, 474-75 (1836), the line which
separates error in judgment from the usurpation of power is very definite.

the Petitioner of his basic protection, which the guaranty of the inter-
vention of a Grand JUry was designed to secure.  For the defendant/
Petitioner could then be convicted on the basis of charges not found
by and perhaps not even presented to the Grand Jury, which indicted
him.  See, **Orfield Criminal Procedure from Arrest to Appeal, 243.**
Petitioner now asserts his Fifth Amendment right of Due Process, in
arguing that he was never indicted by his Grand Jury for effecting any
commerce!  Thus, failure to present this element or state it in the
pleading of the indictment, preclude the Appellate Court from sus-
taining his conviction.  For all these above reasons, Petitioner asks
this Court to look carefully to the Constitution and the cited statutes,
Petitioner asks this Court to invoke the doctrine of law applicable
to a certain state of facts it will adhere to that principle, and apply
it to all future cases, where facts are substantially the same regarding
basis of whether the parties are the same.  The doctrine of Stare
Decisis provides the means by which courts assure that the law will
not merely change erratically but will develop in principle and intel-
ligent fashion, the doctrine permits society to presume the bedrock
principles are found in law rather than in the proclivities of indiv-
iduals, and thereby contributes to the integrity of our Constitution
system of government in appearance and in fact.  Petitioner now invokes
the doctrine of **Stare Decisis** in his arguments herein, "Any departure
from the doctrine of Stare Decisis demands special jursification."
**Arizona v. Rumsey,** 467 U.S. 203, 212, 81 L.Ed.2d 164, 104 S.Ct. 2305
(1984); also see, **Olsen v. Kennedy,** 456 U.S.  667, 691 n.34, 72 L.Ed.2d
416, 102 S.Ct. 2083 (1982).  Stevens J. concurring in judgment.  **Title
21 U.S.C. §841(a)(1)** ,                    Title 18 U.S.C. §2, if Congress
wanted these statutes to be used outside of their territorial jurisdic-
tion, such as anywhere or any place then it would have drafted the needed
provision which certainly would have included interstate commerce nexus
that is required.  "Federal Criminal Statutes intended to be enforced
within the States exceeds Congress Commerce Clause authority."  To uphold
the government's contention that it can bring criminal charges for

///// - 35

82.

This Honorable Court must be compelled to find as a matter of law, that the Petitioner is in custody and detained of his liberty, in violation of the Constitution of the United States of America, where the foregoing and the court's own record support that the Federal Government lacked Federal Legislature jurisdiction over the locus in quo, where the purported prohibitive acts were committed; and,

83.

That the government lacked Federal Subject Matter jurisdiction where no prohibitive acts or conduct of the Petitioner moved beyond the borders of the sovereign state, nor was the Petitioner, indicted via the government charging instrument, for an alleged violation of the Federal Interstate Commerce Statute, thus, the Federal Government lacked Federal Subject Matter jurisdiction, a sine qua non to federal prosecution of the offense alleged against the Petitioner.

## CONCLUSION

84.

Where the instant cause is concerned, the Federal Statutory Provision under which the Petitioner is imprisoned and detained of his LIBERTY, have not been promulgated by Congress in the Federal Register (44 U.S.C. ß1505), nor do such statutory provisions possess published implementing regulations in the Code of Federal Regulations, nor is there to be found an Amendment to the Constitution, ratified by the several sovereign states, to provide for nationwide application of these Federal Stattuory Provisions.

85.

The Constitution of the United States of America, provides that it is the Congress of the United States who has the authority to create and enact Federal Laws.

86.

The Statutory Provisions under which the Petitioner is charged do not have implementing regulations in the Code of Federal Regulations; the section fails under 62 Statutes at Large, which have not

///// - 39

been promulgated in the Federal Register by Congress, and fails to possess any published implementing regulations in the Code of Federal Regulation.

### 87.

There is no Amendment to the Constitution ratified by three-Fourths of the sovereign states to provide for nationwide jurisdiction and application of which the party is charged.

### 88.

The undersigned commited no violations of the Federal Interstate Commerce Statute, nor do the Federal Statutory Provisions under which he is indicted contain language which could interpose a comerce nexus. Thus, there is no showing of Federal Subject Matter Jurisdiction.

### 89.

The locus in quo where the alleged prohibitive acts of the under-signed took place is a geopgraphical location not within the legislative territorial or admiralty jurisdiction of the Federal Government.

**WHEREFORE,** the court should be compelled to find as a matter of law that the Petitioner committed no prohibitive acts within the legis-lative, Territorial or Admiralty jurisdiction of the Federal United States, or within the reach of interstate commerce clause statute, therefore the Petitioner is unlawfully incarcerated and detained in violation of his secured Constitutional rights by way of judgment of the Court in want of jurisdiction, and the denial of the affective assistance of counsel. The Petitioner must therefore, by law, be re-leased and discharged from Federal custody forthwith.

Date: _March 20th_____, 2008.

Respectfully submitted:

_Gregory L. Long_

///// - 40

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

GREGORY L. LONG

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88868
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro SE (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

Harley G. Lappin
Director, BOP

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:08-cv-00604
Assigned To : Huvelle, Ellen S.
Assign. Date : 4/3/2008
Description: Habeas Corpus/2255

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| ■ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*28 USC 2241*

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint
**JURY DEMAND:** □ YES  ● NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  □ YES  □ NO  If yes, please complete related case form.

DATE *4.3.06*    SIGNATURE OF ATTORNEY OF RECORD *NaD*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd